**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-6569**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LUIS FERNANDO PEREZ-GONZALEZ,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:10-cr-00306-BR-1; 5:13-cv-00352-BR)

─────────────

Submitted:  November 18, 2014        Decided:  December 3, 2014

─────────────

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

─────────────

Vacated in part and remanded; dismissed in part by unpublished
per curiam opinion.

─────────────

Luis Fernando Perez-Gonzalez, Appellant Pro Se.  Shailika S.
Kotiya, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-
Parker, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Fernando Perez-Gonzalez appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability on the issue of whether Perez-Gonzalez's sentencing counsel rendered ineffective assistance by failing to object to the inclusion of three criminal history points at Paragraph 10 of the presentence report ("PSR"). Having reviewed the parties' briefs and the record on appeal, we vacate the portion of the district court's order disposing of the claim on which we granted a certificate of appealability and remand for further proceedings. We also deny a certificate of appealability on Perez-Gonzalez's remaining ineffective assistance of counsel claim and dismiss that portion of the appeal.

In his § 2255 motion, Perez-Gonzalez asserted that counsel should have objected to a November 30, 1998 conviction for second-degree burglary set forth in Paragraph 10 of the PSR, on which the PSR assessed three criminal history points under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(a) (2010). As directed by the district court, the Government submitted an abstract of judgment regarding California state case number SC075539A. The abstract showed that, on November 30, 1998, Perez-Gonzalez was sentenced on a conviction for burglary of a

2

vehicle.[1]  The state court imposed a two-year sentence, with all but eight months stayed, to be served consecutively to two uncompleted sentences for revocation of probation in case numbers SC073741A and SC073734A, for an aggregate term of two years and eight months.

Although the district court noted inaccuracies in the PSR's description of the offense in Paragraph 10, it determined that Perez-Gonzalez was in fact sentenced to thirty-two months' imprisonment for that conviction, with eight months to be served consecutively to a two-year sentence imposed upon revocation of probation, and thus three points were appropriate under USSG § 4A1.1(a).  Accordingly, the district court found no prejudice from counsel's failure to object to Paragraph 10 of the PSR and granted the Government's motion for summary judgment.

To succeed on his ineffective assistance claim, Perez-Gonzalez bears the burden of showing that his counsel's performance was constitutionally deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984).  To satisfy the first prong, he must demonstrate "that counsel's representation fell below an objective standard of reasonableness."  Id. at

---

[1]  The abstract also noted Perez-Gonzalez's April 1998 convictions for second-degree burglary and narcotics possession.

3

688.  To satisfy the second prong, he must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Claims of ineffective assistance of counsel present mixed questions of law and fact, id. at 698, and are therefore subject to de novo review.  United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010).

Under the Guidelines, a defendant's criminal history score is based on sentences imposed for prior convictions.  In calculating the criminal history score, three points are added for a prior sentence of imprisonment exceeding one year and one month, and two points for a prior sentence of at least sixty days but less than one year and one month.  USSG § 4A1.1(a)-(b).  A sentence of imprisonment does not include the portion of a sentence that was suspended.  USSG § 4A1.2(b)(2).

Here, the abstract of judgment shows that the state court imposed a two-year term for the second-degree burglary of a vehicle charge with all but eight months stayed.  The order directed that the eight-month sentence be served consecutively to the probation revocation sentences, which were already assessed criminal history points in the PSR.  Because most of Perez-Gonzalez's burglary of a vehicle sentence was suspended, the eight-month sentence he received should have been assessed two, rather than three, criminal history points.  See USSG

4

§ 4A1.1(a)-(b). The consecutive two-year sentence for the probation revocation sentences was already counted in the PSR and should not have been counted again in assessing criminal history points for the burglary of a vehicle conviction in Paragraph 10.

Without the extra point, Perez-Gonzalez's criminal history score would have been reduced from ten to nine, which would have placed him in Criminal History Category IV rather than Category V. USSG ch. 5, pt. A (sentencing table). This, combined with his total offense level of twenty-one, would reduce his Guidelines range to fifty-seven to seventy-one months' imprisonment — below the seventy-eight-month sentence he actually received on the underlying illegal reentry conviction. Id. We hold, therefore, that Perez-Gonzalez demonstrated prejudice from counsel's failure to object to the criminal history points assessed in Paragraph 10 of the PSR.

Because the district court made no finding as to the first prong of Strickland — whether counsel's failure to object fell below an objective standard of reasonableness — we vacate the district court's order and remand for further proceedings consistent with this opinion.[2] We dispense with oral argument

---

[2] We offer no opinion as to the ultimate disposition of this ineffective assistance of counsel claim.

5

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED IN PART AND REMANDED;</u><br>
<u>DISMISSED IN PART</u>